**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

JAMES BURTON HICKMAN
MADELYN KAY HICKMAN

                Debtors

Case No. 06-30366

ANN MOSTOLLER, TRUSTEE

                Plaintiff

v.

EQUITY ONE, INC.

                Defendant

Adv. Proc. No. 06-3163

**M E M O R A N D U M**

**APPEARANCES:**    MOSTOLLER, STULBURG & WHITFIELD
                                  Ann Mostoller, Esq.
                                  136 S. Illinois Avenue
                                  Suite 104
                                  Oak Ridge, Tennessee 37830
                                  Attorneys for Plaintiff

                                  NORMAN B. JACKSON, ESQ.
                                  248 N. Peters Road
                                  Suite 4
                                  Knoxville, Tennessee 37923-4925
                                  Attorney for Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Chapter 7 Trustee, Ann Mostoller, seeking to avoid, pursuant to 11 U.S.C. § 544(a) (2006), a lien encumbering real property of the Debtors grounded upon a defective acknowledgment in the Defendant's Deed of Trust. Facts and documents essential to the resolution of all issues are before the court on the Joint Stipulations filed by the parties on February 26, 2007. The Plaintiff filed her brief on March 14, 2007, and the Defendant filed its brief on March 15, 2007. The parties agree that an evidentiary hearing is not required.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(K) (West 2006).

I

On March 2, 2006, the Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case. Listed within their schedules is real property at 3149 Burnett Road, Straw Plains, Tennessee, 37871 (Real Property), valued at $43,000.00. The Real Property is encumbered with a lien in the amount of $51,472.00 held by the Defendant pursuant to a Deed of Trust dated September 22, 2004, recorded with the Jefferson County Register of Deeds on September 24, 2004 (Deed of Trust).

The Plaintiff filed the Complaint initiating this adversary proceeding on October 5, 2006, arguing that, based upon the Tennessee recording statutes and Sixth Circuit authority, the acknowledgment on the Deed of Trust, in which the Debtors' names are omitted,[1] is defective, and

---

[1] Tennessee Code Annotated section 66-22-101 (2004) provides, in material part, that "to authenticate an instrument or document for registration or recording in the office of the county register, the maker . . . shall execute the
(continued...)

2

as such, she may avoid the Defendant's lien for the benefit of the Debtors' bankruptcy estate. The Defendant denies that the Plaintiff is entitled to avoid its lien, arguing that the Tennessee recording statutes have been amended to have retroactive effect, whereby any defect in the acknowledgment is cured.

Pursuant to the Pretrial Order prepared by the parties and entered on February 26, 2007, the issues before the court are: (1) "Whether the Deed of Trust held by the Defendant was defectively acknowledged under T.C.A. § 66-24-101 due to the Debtors' names being omitted from the acknowledgment form"; and (2) "Whether amended T.C.A. § 66-24-101 prevents the Trustee from avoiding a Deed of Trust being so acknowledged."

## II

Deeds of trust are among the documents eligible for registration in Tennessee. TENN. CODE ANN. § 66-24-101(a)(8) (2004 & Supp. 2006). A register of deeds may, however, refuse to record a deed of trust or other eligible document that is not authenticated by either two subscribing witnesses or by the county clerk, deputy county clerk, clerk and master of any state chancery court, or a notary public, proof of which is accomplished through the acknowledgment under that authority's seal. *See* TENN. CODE ANN. § 66-22-101 (2004);[2] TENN. CODE ANN. § 66-22-102 (2004);

---

[1](...continued)
instrument or document by that person's original signature and such signature shall be either acknowledged according to law or proved by at least two (2) subscribing witnesses." Tennessee Code Annotated sections 66-22-107, -108, and -114 (2004), entitled, respectively, "**Form of certificate of acknowledgment**," "**Acknowledgment for record of corporate or partnership instrument**," and "**Certificate of acknowledgment form**," all require, *inter alia*, that the maker's name be inserted in the acknowledgment.

[2] *See supra* n.1.

3

TENN. CODE ANN. § 66-22-110 (2004).  "The acknowledgment 'authenticates the due execution of a document and is the formal statement of the person signing the document that his [or her] signature was freely done' . . . [and] that the instrument was not fraudulently executed." *Limor v. Fleet Mortgage Group (In re Marsh)*, 12 S.W.3d 449, 453 (Tenn. 2000) (quoting *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990)).

Registration is imperative because, although it continues to be effective between the parties thereto, *see* TENN. CODE ANN. § 66-26-101 (2004), an unrecorded deed of trust "shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice." TENN. CODE ANN. § 66-26-103 (2004 & Supp. 2006).  Under Tennessee law, "whatever is sufficient to put a person upon inquiry, *is notice of all the facts to which that inquiry will lead*, when prosecuted with reasonable diligence and in good faith." *Texas Co. v. Aycock*, 227 S.W.2d 41, 46 (Tenn. 1950) (quoting *Covington v. Anderson*, 84 Tenn. 310, 319 (Tenn. 1886)).  Legally registered documents place creditors and subsequent purchasers "on constructive notice." *Marsh*, 12 S.W.3d at 454.

Proper registration is also of importance in the context of a bankruptcy.  Under § 544(a), characteristically termed the "strong-arm clause," a Chapter 7 trustee succeeds to the rights of creditors, judicial lienholders, and bona fide purchasers as of the commencement of the bankruptcy case and may avoid any transfer that would be voidable by such a creditor, judicial lienholder, or bona fide purchaser.  11 U.S.C. § 544(a).  If avoidance occurs, the trustee holds the property for the benefit of the bankruptcy estate, while the formerly secured creditor is reduced to the status of an unsecured creditor.  *Walker v. Elam (In re Fowler)*, 201 B.R. 771, 779-81 (Bankr. E.D. Tenn. 1996);

*Waldschmidt v. Dennis (In re Muller)*, 185 B.R. 552, 555 (Bankr. M.D. Tenn. 1995).  In summary "[t]he status which [§ 544(a)] confers upon the trustee in bankruptcy is that of 'the ideal creditor, irreproachable and without notice, armed cap-a-pie with every right and power which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings.'"  *Lancaster v. Hurst (In re Hurst)*, 27 B.R. 740, 742 (Bankr. E.D. Tenn. 1983) (quoting *In re Waynesboro Motor Co.*, 60 F.2d 668, 669 (S.D. Miss. 1932)).  This power has included the ability to avoid liens on deeds of trust that are improperly acknowledged or contain some other negating defect.

The parties have stipulated that the Debtors executed the Deed of Trust on September 22, 2004; that it was recorded by the Jefferson County Register of Deeds on September 24, 2004; that the Deed of Trust bears an acknowledgment date of October 22, 2004;[3] and that the names of the Debtors do not appear within the body of the acknowledgment.

Under the law as it existed in 2004, when the Deed of Trust was executed and acknowledged, Tennessee operated under the "substantial compliance" standard.  Under this standard, an acknowledgment that was otherwise defective was nonetheless valid as long as it complied in either "substance" or "intent" with the certificate of acknowledgment form requirements of Tennessee Code Annotated section 66-22-107 (2004).  *See Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515, 518 (6th Cir. 2004); *In re Akins*, 87 S.W.3d 488, 493 (Tenn. 2002) (Tennessee Code Annotated

---

[3] The acknowledgment date, while stipulated, is clearly erroneous.  The significance of this error, if any, is not raised by the Trustee.

section 66-26-113[4] "addresses the unintentional omission of words by the officer taking an acknowledgment while Tennessee Code Annotated section 66-22-114(b)[5] addresses the intent of the person signing a document to properly acknowledge his or her signature.").

A line of cases interpreting these statutes emerged, wherein the courts were called upon to determine whether various acknowledgments were substantially compliant and deemed valid. *See Biggs*, 377 F.3d at 521 (finding that when no one is named in an acknowledgment, it cannot be determined "who, if anyone, intended to acknowledge the signatures on the deed of trust[.]"); *In re Bushee*, 319 B.R. 542, 551 (Bankr. E.D. Tenn. 2002) (finding that an acknowledgment making no mention of the "purpose for requiring [the] acknowledgment in the first place, which [was] to authenticate [the debtor's] execution of the Deed of Trust freely and not fraudulently" did not meet the intent prong of the substantial compliance test); *Akins*, 87 S.W.3d at 495 (holding that "if an individual's intent to acknowledge the document he or she signed is evident in the certificate of acknowledgment, then the exact words and phrases recited in the statute are not required."); *Lemeh v. EMC Mortgage Corp. (In re Crim)*, 81 S.W.3d 764, 769-70 (Tenn. 2002) (holding that questions

---

[4]      Omission of words from certificate. – The unintentional omission by the clerk or other officer of any words in a certificate of an acknowledgment . . . shall in nowise vitiate the validity of the deed or other instrument or the acknowledgment . . ., but the same shall be good and valid to all intents and purposes, if the substance of the authentication required by law is in the certificate.

TENN. CODE ANN. § 66-26-113 (Supp. 2006).

[5]      (b) Any certificate clearly evidencing intent to authenticate, acknowledge or verify a document shall constitute a valid certificate of acknowledgment for purposes of this chapter and for any other purpose for which such certificate may be used under the law. It is the legislative intent that no specific form or wording be required in such certificate and that the ownership of property, or the determination of any other right or obligation, shall not be affected by the inclusion or omission of any specific words.

TENN. CODE ANN. § 66-22-114(b) (2004).

6

of substantial compliance involve defects in the language of the acknowledgment, not glaring defects such as false statements, stating that "minor errors in the certificate of acknowledgment do not vitiate the effectiveness of the instrument, [but] the certificate of acknowledgment utilized in this case did not contain simple or minor deviations from the statutorily prescribed form for a signature made by an attorney-in-fact."); *Marsh*, 12 S.W.3d at 454 (holding that "[t]he defect in the acknowledgment here is more substantial than the simple omission of statutory language or the use of a different, yet equivalent, word[, and] . . . this is not a case where another word or phrase could have been substituted as the substantive equivalent to the language required by statute. A seal is either affixed or not affixed; this requirement is not subject to substantial-compliance analysis.").

In 2005, the Tennessee General Assembly amended section 66-24-101, adding subsections (e) and (f), to be effective on June 6, 2005. These subsections read as follows:

> (e) Unless an instrument is acknowledged or proved, as provided in chapter 22 of this title, or other applicable law:
>
> > (1) The county register may refuse to register or note the instrument for registration; and
>
> > (2) If the instrument conveys any interest in real property, including any lien on the property, no purchaser shall be required to accept delivery of the instrument. If, however, an instrument not so acknowledged or proved is otherwise validly registered, the instrument shall be deemed to be validly registered for the purposes of §§ 66-26-102[6] and 66-26-101, and in full compliance with all statutory requirements set forth in § 66-22-101, and all interested parties shall be on constructive notice of the contents of the instrument.

---

[6] "**Notice to all the world.** – All of the instruments registered pursuant to § 66-24-101 shall be notice to all the world from the time they are noted for registration . . . and shall take effect from such time." TENN. CODE ANN. § 66-26-102 (2004).

7

> (f) Subsection (e) shall apply to all instruments of record on or after June 6, 2005. However, if the relative priorities of conflicting claims to real property were established at a time prior to June 6, 2005, the law applicable to such claims at such time shall determine their priority.

TENN. CODE ANN. § 66-24-101(e), (f) (Supp. 2006).

The Plaintiff argues that she is entitled to avoid Equity One's lien by virtue of the precedent set forth in *Biggs*, because the Deed of Trust was executed and acknowledged in 2004, before the change in the law in 2005, and the prior version of the statute governs. The Plaintiff's argument centers around her contention that only those documents or instruments recorded with a register of deeds on or after June 6, 2005, are governed by subsection (e). The court does not agree, instead finding that section 66-24-101(f) applies to defeat the Trustee's avoidance claim. Equity One's Deed of Trust is deemed to be validly registered and the Trustee may not avoid its lien.

Subsections (e) and (f) are not ambiguous. Subsection (e) states that if one of the statutory acknowledgment forms set forth in sections 66-22-107, -108, or -114 (2004) are not used, a register of deeds may refuse to record such document. Nevertheless, if the register does allow the document to be recorded, an improper acknowledgment will no longer vitiate the validity of that recorded document, and the recorded document provides notice to creditors, judicial lienholders, and bona fide purchasers of the document's contents.

Subsection (f) then provides that "[s]ubsection (e) shall apply to all instruments ***of record*** on or after June 6, 2005." TENN. CODE ANN. § 66-24-101(f) (emphasis added). "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908

8

S.W.2d 923, 926 (Tenn. 1995). Furthermore, "[c]ourts must 'presume that the legislature says in a statute what it means and means in a statute what it says there.'" *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 803 (Tenn. 2000) (quoting *BellSouth Telecomm., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997)).

The statute does not state that subsection (e) will apply to all instruments ***filed*** on or after June 6, 2005; it states that the subsection applies to all instruments ***of record*** on or after that date. Such language compels a retroactive application of the statute to any and all instruments that have been recorded on or before June 6, 2005. This result also comports with the effect of the second sentence in subsection (f), which provides that if priorities of conflicting claims were already established prior to June 6, 2005, those established priorities govern, and subsection (e) cannot trump them, despite its retroactive effect. To give other meaning to the first sentence of subsection (f) renders this second sentence superfluous.

Here, the Plaintiff succeeded to her rights under § 544(a) on the date the Debtors commenced their bankruptcy case, March 2, 2006. At the time the case was filed, section 66-24-101(e) was controlling, thereby cementing the validity of the Deed of Trust with respect to providing constructive notice to all interested parties, including any Chapter 7 trustee appointed after June 6, 2005, because the Register of Deeds for Jefferson County had previously accepted and recorded the Deed of Trust on September 24, 2004. For the purposes of this adversary proceeding, the date upon which the Deed of Trust was recorded is irrelevant except for the fact that it occurred before June 6, 2005, prior to the filing of the Debtors' bankruptcy petition. Had the Debtors filed their bankruptcy case prior to the June 6, 2005 intervening date, the second sentence of subsection (f) would apply,

9

and the Plaintiff would presumably be entitled to avoid Equity One's lien due to the defective acknowledgment.[7] However, because the Plaintiff's rights as Chapter 7 Trustee were not established until March 2, 2006, her status as a judgment lien creditor under § 544(a) is subject to the provisions of section 66-24-101(f), and she may not avoid Equity One's "validly recorded" Deed of Trust on the basis that it was improperly acknowledged.  The Plaintiff's Complaint shall be dismissed.

An order consistent with this Memorandum will be entered.

FILED:  May 2, 2007

> BY THE COURT
>
> *RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE

---

[7] The court need not make a definitive finding on the avoidance issue.